PER CURIAM
*513 Appellant appeals an order of continued commitment that extended his commitment to the Oregon Health Authority for a period not to exceed 180 days pursuant to ORS 426.307(6). In his second assignment of error, appellant contends that the record lacks sufficient evidence that, due to a mental disorder, he was a danger to others.
The process for a continuation of an initial period of commitment is provided by ORS 426.301 to 426.307. ORS 426.301(1) provides, in part:
"At the end of the 180-day period of commitment, any person whose status has not been changed to voluntary shall be released unless the Oregon Health Authority certifies to the court in the county where the treating facility is located that the person is still a person with mental illness and is in need of further treatment."
When the person requests a hearing, ORS 426.307(6) requires the court to "conduct a hearing and after hearing the evidence and reviewing the recommendations of the treating and examining physicians or other qualified professionals, the court shall determine whether the person is still a person with mental illness and is in need of further treatment." Then, if the court determines by clear and convincing evidence that "the individual is still a person with mental illness *** and is in need of further treatment, the court may order commitment to the authority for an additional indefinite period of time up to 180 days." ORS 426.307(6) ; see also ORS 426.005(1)(f) (defining "person with mental illness").
Here, the trial court determined that appellant was still a person with mental illness because a mental disorder caused him to be dangerous to others. See ORS 426.005 (1)(f)(A). Appellant argues that that determination is not supported by sufficient evidence in the record. The state concedes that the evidence in the record does not sufficiently support the determination that appellant was still a person with mental illness at the time of the hearing, and it agrees that the order of continued commitment should be reversed.
*514 We agree and accept the state's concession. Our reversal of the order based on appellant's second assignment of error obviates the need to address his first assignment.
Reversed.